IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PAN AMERICAN GRAIN MANUFACTURING CO., INC.<br><br>Plaintiff,<br><br>v.<br><br>DAVID COHEN, in his official capacity as REGIONAL DIRECTOR of NATIONAL LABOR RELATIONS BOARD, REGION 12<br><br>Defendant. | No. 3:24-cv-01274-scc |

**FIRST AMENDED ANSWER TO
PETITION FOR WRIT OF MANDAMUS**

Defendant David Cohen, in his official capacity as the Regional Director of Region 12 of the National Labor Relations Board, by and through the undersigned counsel, files this first amended answer in response to Plaintiff's Petition for Writ of Mandamus Against NLRB's Regional Director (Doc. 1). Not only is this Petition factually and jurisdictionally flawed, but it is now moot because, on September 11, 2024, the Defendant issued a *Decision on Objections and Certification of Representative* for the election at issue in this case ("Election Certification"). *See* Attachment A. The Election Certification has provided the Plaintiff the relief it requested.

The Defendant amends its previous answer to the Petition as follows:

1. Admit.

2. Admit.

3. Deny. Congreso de Uniones Industriales de Puerto Rico ("Congreso") remains the exclusive representative of the members of the bargaining unit until a certification of results of an election indicates otherwise, and that certification of results becomes final.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit that the NLRB conducted the representation case election on December 21, 2023, and that Exhibit 4 is a copy of the tally of ballots from that election. The NLRB lacks knowledge or information sufficient to form a belief about the truth of other facts or characterizations asserted, therefore those facts or characterizations are denied.

10. Deny. On September 11, 2024, the Regional Director issued the Election Certification. *See* Attachment A.

11. The NLRB lacks knowledge or information sufficient to form a belief about the truth of the allegation, therefore it is denied.

12. The NLRB lacks knowledge or information sufficient to form a belief about the truth of the allegation, therefore it is denied.

13. Admit that the Regional Director received Exhibit 6 on about May 7, 2024.

14. Deny in part. On September 11, 2024, the Regional Director issued the Election Certification. The NLRB denies the remaining allegations.

15. The NLRB lacks knowledge or information sufficient to form a belief about the truth of the allegation, therefore it is denied.

16. The NLRB lacks knowledge or information sufficient to form a belief about the truth of the allegation, therefore it is denied.

17. Admit that Exhibit 7 is a letter dated May 16, 2024, that Plaintiff sent to the Regional Director. The NLRB lacks knowledge or information sufficient to form a belief about the truth of other facts or characterizations asserted, therefore those are denied.

18. The NLRB lacks knowledge or information sufficient to form a belief about the truth of facts or characterizations asserted, therefore it is denied. The NLRB denies that no certification has issued. On September 11, 2024, the Regional Director issued the Election Certification.

19. The NLRB denies that no certification has issued. On September 11, 2024, the Regional Director issued the Election Certification. Deny the remaining allegations.

20. The NLRB lacks knowledge or information sufficient to form a belief about the truth of the allegation, therefore it is denied.

21. The NLRB lacks knowledge or information sufficient to form a belief about the truth of the allegation, therefore it is denied.

22. The NLRB lacks knowledge or information sufficient to form a belief about the truth of the allegation, therefore it is denied. The NLRB denies the allegation that no certification has issued. On September 11, 2024, the Regional Director issued the Election Certification.

## AFFIRMATIVE DEFENSES

A. Plaintiff fails to state a claim for which relief can be granted.

B. The Court lacks jurisdiction to review the Defendant's actions in a representation proceeding. Congress withheld from district courts the power to review representation proceedings conducted by the Agency under Section 9 of the Act. 29 U.S.C. § 159. *See, e.g.*, *Goethe House N.Y., German Cultural Ctr. v. NLRB*, 869 F.2d 75, 80 (2d Cir. 1989); *Charlie Rossi Ford, Inc. v. Price*, 564 F.2d 372, 373 (9th Cir. 1977).

C. Plaintiff has obtained the specific relief it requested. In the Petition, Plaintiff requests and order directing the Defendant to:

> Issue the Certification confirming or rejecting the results of the Representation Election held at the facilities of Pan American Grain on December 21, 2023, between the Teamsters and Congreso and determine which union is the exclusive bargaining representative of Pan American Grain's employees.

On September 11, 2024, the Regional Director issued the Election Certification which provided the specific relief request by Plaintiff. *See* Attachment A. The Petition is now moot.

D. Plaintiff has omitted a critical fact from its filings in this case, specifically that Congreso, who was party to the representation case election, filed objections to the election. *See* Attachment A.

E. Defendant David Cohen has a nondiscretionary duty to resolve objections to an election before he can certify the results of the election. See 29 C.F.R. 102.69(c). On September 11, 2024, Defendant Cohen issued the Election Certification which included the Regional Director's decision on objections to the election.

F. Defendant David Cohen, the Regional Director of NLRB Region 12, has acted in accordance with his statutory duties and the Board's Rules and Regulations in processing the representation case petition. Following the election that the NLRB conducted on December 21, 2023, pursuant to 29 C.F.R.

102.69(a)(8), Congreso filed objections to the election—a critical fact omitted entirely from Plaintiff's complaint. Defendant Cohen processed the objections to the election. See 29 C.F.R. 102.69(c). The NLRB's Rules and Regulations prevented Cohen from certifying the results of the election before objections to an election and/or their impact on the election were resolved. *Id.* The NLRB's Rules and Regulations do not set a time limit on the processing of post-election objections.

## CONCLUSION

For the foregoing reasons, the petition should be denied in its entirety.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD

/s/ Dean Owens
Dalford D. Owens Jr.
Supervisory Attorney
dean.owens@nlrb.gov
(202) 273-2934

Contempt Compliance & Special Litigation Branch
1015 Half Street SE - Fourth Floor
Washington, DC 20003

Dated September 24, 2024

## **CERTIFICATE OF SERVICE**

I certify I hereby certify that a true and correct copy of the foregoing was filed electronically with the Court's CM/ECF system this 24th day of September, 2024, which will send an electronic notice to all registered parties and counsel. All parties are represented by counsel and may access the filing through the Court's CM/ECF system.

      s/ Dean Owens

Dalford D. Owens Jr., Supervisory Attorney
National Labor Relations Board
Contempt, Compliance, & Special Litigation Branch
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20570
dean.owens@nlrb.gov
T: (202) 273-2934
F: (202) 273-4244

7