UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 12

PAN AMERICAN GRAIN MANUFACTURING
CO., INC.

       Employer

  and

UNION DE TRONQUISTAS DE PUERTO RICO        Case 12-RC-329670
LOCAL 901, INTERNATIONAL BROTHERHOOD
OF TEAMSTERS

       Petitioner

  and

CONGRESO DE UNIONES INDUSTRIALES
DE PUERTO RICO

       Intervenor

### DECISION ON OBJECTIONS AND CERTIFICATION OF REPRESENTATIVE

On November 8, 2023, a petition for a representation election was filed by Unión de Tronquistas de Puerto Rico, Local 901, International Brotherhood of Teamsters (the Petitioner) seeking to represent certain employees of Pan American Grain Manufacturing Co., Inc. (the Employer). On November 10, 2023, the incumbent union representative of those employees, Congreso de Uniones Industriales de Puerto Rico (the Intervenor), requested to intervene in this case. Pursuant to a Stipulated Election Agreement signed by the Petitioner, the Employer, and the Intervenor, which was approved on December 1, 2023, a manual election was conducted on December 21, 2023 among the employees in the following unit:

> All full-time and regular part-time production and maintenance employees employed by Pan American Grain Manufacturing Co., Inc. in Guaynabo, Puerto Rico and any of its other facilities in Puerto Rico; excluding all other employees, office clerical employees, professional employees, managers, guards, and supervisors as defined in the Act.

The tally of ballots made available to all parties at the conclusion of the election showed the following results:

| | |
|---|---|
| Approximate number of eligible voters | 49 |
| Number of void ballots | 0 |
| Number of votes cast for the Petitioner | 40 |
| Number of votes cast for the Intervenor | 6 |
| Number of challenged ballots | 2 |
| Number of total votes cast | 48 |

Challenges are not sufficient in number to affect the results of the election.

A majority of the valid votes counted plus challenged ballots has been cast for the Petitioner.

On December 26, 2023, the Intervenor timely filed Objections containing 7 numbered allegations and served them on the Employer and Petitioner, stating as follows:[1]

1. On December 21, 2023, elections[2] were held at Pan American Grain Manufacturing, hereinafter "The Company."

2. The results of the elections prove what the CUIPR Union alleged in its Statement of Position and Request to Block. (Attached is the Statement Position and Request to Block).[3]

3. The company's actions of repeated violations of the law have created a contaminating and intimidating environment, which did not allow for elections that comply with and guarantee that they have been free of coercion, intimidation, or deception.

4. These elections and their results are the product of the company's actions to get workers to withdraw support for the CUIPR Union, creating an environment of confusion and fear in the employees.

5. The company's actions of bargaining in bad faith, suspending negotiations, abandoning the negotiations without good cause and without notifying the CUIPR Union and making regressive proposals on fully agreed-upon articles and agreed-upon sections of pending articles, led the employees to withdraw their support for the CUIPR Union (See Case 12-CA-330334).

6. The president of Unión de Tronquistas deliberately told the workers that the letter signed on December 1, 2023, by David Cohen, Regional Director of Region 12, was not true and that the elections were going to be certified in an ordinary

---

[1] The Intervenor filed the Objections in Spanish. The English translation follows.

[2] Although Item 1 refers to "the elections" there was only one election in this case.

[3] The Statement of Position and Attachment A to the Request to Block which the Intervenor had originally filed with the Regional Office on November 22, 2023, were served on the other parties as part of the Objections, along with an undocketed copy of the unfair labor practice charge the Intervenor filed against the Employer on November 17, 2023, which was docketed as Case 12-CA-330334. The original Spanish Objections and accompanying documents and the English translation are attached.

Attachment A

manner within 40 to 45 days.  Those highly important assertions **deceived the workers**[4] into withdrawing their support for the CUIPR Union.

7.  In conclusion, the company's actions and its history of repeated violations discouraged and prevented workers from freely selecting their representative.  The company's conduct utterly tipped the scales against Congreso de Uniones Industriales by making it clear to workers that they would not be signing a collective bargaining agreement with El Congreso.

An English translation of the relevant portion of the Intervenor's Statement of Position referenced in Objection 2 follows:

This company's history reflects an unrelenting attitude and conduct and repeated violation in utter disregard for abiding by the law and the collective-bargaining agreement.  The company has failed to comply with the Board's orders to cease and desist from such violations.  The Company's actions have been aimed at undermining and diminishing the workers' support for the Union.  They have created a contaminating, intimidating environment and the employees are frustrated over the many years they have been waiting to sign a collective-bargaining agreement. The company has not allowed a free and democratic elections to be held.  The company's actions have created dissatisfaction among the workers and have hurt their support for the Union.

Due to the company's unfair practices, the workers are not in an appropriate environment for making a decision free of coercion and intimidation.  Among the employer's unfair practices are: refusal to bargain, bad-faith bargaining, collective bargaining agreement violations, abandoning negotiations with no justification, failure to comply with the negotiation schedule, repeated suspension of negotiations as required by the parties in Case 12-CB-296384.

In addition, Unión de Tronquistas alleges that there is a collective bargaining agreement that expired in 2018 when this is false.[5]

The Intervenor did not file an offer of proof in support of its Objections.

For the reasons specified below, I find that there is insufficient evidence to establish that the Employer or the Petitioner engaged in objectionable conduct, and that the objections should be overruled in their entirety.  Accordingly, I am certifying the Petitioner as the representative of the unit employees.

Preliminarily, it is well settled that "[r]epresentation elections are not lightly set aside. There is a strong presumption that ballots cast under specific NLRB procedural safeguards reflect the true desires of the employees." *Lockheed Martin Skunk Works*, 331 NLRB 852, 854 (2000), quoting *NLRB v. Hood Furniture Co.*, 941 F.2d 325, 328 (5th Cir. 1991) (internal

---

[4] Emphasis is in the original.
[5] I shall consider this statement as part of Objection 6 because it pertains to conduct by the Petitioner.

Attachment A

citation omitted). Therefore, "the burden of proof on parties seeking to have a Board-supervised election set aside is a heavy one." *Delta Brands, Inc.*, 344 NLRB 252, 253, (2005), citing *Kux Mfg. Co. v. NLRB*, 890 F.2d 804, 808 (6th Cir. 1989). To prove that party conduct warrants setting aside an election, the objecting party must show that the conduct in question has a reasonable tendency to interfere with employee free choice. See, e.g. *Baja's Place, Inc.*, 268 NLRB 868, 868 (1984) cited in *Amazon.com Services, LLC*, 373 NLRB No. 92, slip op. at 2, fn.7 (August 29, 2024). Moreover, to meet its burden the objecting party must show that the alleged objectionable conduct affected employees in the voting unit. *Avante at Boca Raton*, 323 NLRB 555, 560 (1997) (overruling employer's objection where no evidence that unit employees knew of the alleged coercive incident).

## Objections 1 to 5 and 7

I shall consider Objections 1 to 5 and 7 together because collectively they allege that the Employer and Pan American Grain Co., Inc. engaged in objectionable conduct as found or alleged in 5 categories of unfair labor practice charges filed by the Intervenor listed in Attachment A of the Intervenor's Request to Block. As noted above, the Intervenor provided no offer of proof in support of its Objections. Thus, it relies solely on the findings and outcomes in those unfair labor practices cases. Below, I have addressed the status of each of the listed cases. None of these cases include meritorious allegations of unfair labor practices that occurred during the critical period between the filing of the petition and the election. Therefore, I am overruling Objections 1 to 5 and 7.

Pan American Grain Manufacturing Co., Inc. (the Employer) and Pan American Grain Company, Inc. have facilities in Guaynabo, Catano, and Bayamon, Puerto Rico. The Board adopted, as modified, a decision of an Administrative Law Judge finding that these two entities constitute a single-integrated business enterprise and a single employer within the meaning of the Act. *Pan American Grain Co., Inc. and Pan American Grain Manufacturing Co., Inc.*, 343 NLRB 318, 321, fn.5 (2004), enfd. in part and remanded in part, 432 F.3d 69 (Case 05-1274, 1st Cir. December 22, 2005), vacated and reentered, 448 F.3d 465 (1st Cir. May 31, 2006), supplemented at 351 NLRB 1412 (2007), enfd. 558 F.3d 22 (1st Cir. February 24, 2009). As documented in the above-cited case, and in other litigated cases, the Employer and the Intervenor have had a long and contentious relationship since 1998. See also, *Congreso de Uniones Industriales de Puerto Rico (Pan American Grain Manufacturing Co., Inc.)*, 336 NLRB No. 67 (2001); *Pan American Grain Co., Inc. and Pan American Grain Manufacturing Co., Inc.*, 343 NLRB 205 (2004) and *Pan American Grain Co., Inc. and Pan American Grain Manufacturing Co., Inc.*, 346 NLRB 193 (2005), enfd. (Case 06-1529, 1st Cir. November 8, 2006). Pursuant to petitions of the Board for adjudication in civil contempt of the Judgments in Cases 05-1274 and 06-1529 entered on May 31, 2006, and November 8, 2006, Consent Orders resolving the issues raised by those petitions were entered by the United States Court of Appeals for the First Circuit on February 17, 2015 (Consent Order I) and August 29, 2019 (Consent Order II).

The Intervenor represented the unit of production and maintenance employees of the Employer (referred to herein as the Arroz Rico Unit) starting in 1992 or 1993, and since 1986, the Intervenor has represented a separate unit of production and maintenance employees of Pan American Grain Co., Inc., referred to herein as the Amelia Unit. 343 NLRB at 321. The

Attachment A

Intervenor has represented both of these units at all material times. The most recent collective-bargaining agreement covering the Arroz Rico Unit employees between the Employer and the Intervenor expired on March 4, 2002. Numerous unfair labor practice charges have been filed by the parties against each other during the past 25 years or so, some of which have been litigated and resulted in the above-cited unfair labor practice determinations by the Board and enforcement and contempt proceedings decided by the United States Court of Appeals for the First Circuit.

Although Pan American Grain Manufacturing Co., Inc. and Pan American Grain Company, Inc. apparently continue to operate as a single employer, the evidence adduced during the investigation of the charges related to the Objections establishes that the Arroz Rico Unit employees and the Amelia Unit employees work in separate facilities, and there is no evidence of interchange between the employees of the two units. The Arroz Rico Unit employees are engaged in the processing and distribution of rice and other food products for human consumption, whereas the Amelia Unit employees are engaged in the processing and distribution of animal feed and fertilizers.

A. Contempt Cases

With respect to the Intervenor's unfair labor practice charges in Cases 12-CA-263110 and 12-CA-270528, petitions of the National Labor Relations Board for Adjudication in Civil Contempt for the Assessment of Noncompliance Fines and for other Civil Relief were filed in Cases 05-1274 and 06-1529 before the United States Court of Appeals for the First Circuit on May 20, 2021 and November 22, 2021, alleging violations of the terms of the Court's above-cited Judgments and Consent Orders (the Contempt Petitions). Specifically, the Contempt Petitions cite the terms of the Consent Orders, including the imposition of prospective non-compliance fines for future violations of the 2019 Consent Order (Consent Order II). The May 20, 2021 Contempt Petition further alleges that the Employer violated the Consent Orders and Judgments by creating a new third shift at the Arroz Rico facility, beginning the operation of the new third shift on June 29, 2020, and transferring Arroz Rico Unit employee Daniel Perez to the new third shift, thereby changing his work schedule, on or about July 13, 2020, without affording the Intervenor an opportunity to bargain with the Employer with respect to this conduct, and without first bargaining with the Intervenor to agreement or to an overall good faith impasse for a collective-bargaining agreement covering the Arroz Rico Unit. The November 22, 2021 Contempt Petition further alleges that the Employer violated the Consent Orders and Judgments by temporarily laying off about 25 bargaining unit employees of the Employer in the Arroz Rico unit on or about December 11, 2020, without affording proper notice to the Intervenor of the layoff decision, without affording the Intervenor an opportunity to bargain with the Employer about the layoff decision, and without first bargaining with the Intervenor to a bona fide impasse regarding the layoff decision.[6]

The Court appointed United States Magistrate Judge Bruce J. McGiverin of the United States District Court for the District of Puerto Rico as Special Master to issue a Report and Recommendation as to the findings of fact, conclusions of law, and remedies (if any), with

---

[6] The evidence shows that the laid off employees were recalled between on or about December 14, 2020 and on or about December 21, 2020.

respect to the allegations in the Contempt Petitions, which were consolidated. The Special Master issued a Report and Recommendation on August 4, 2023, finding clear and convincing evidence that the Employer violated the May 2006 Judgment and the 2015 and 2019 Consent Orders by implementing a third shift on June 29, 2020, transferring maintenance employee and mechanic Daniel Perez to that shift on July 13, 2020, and temporarily laying off employees on December 11, 2020, without first bargaining with the Intervenor to agreement or to a bona fide impasse. The Special Master also found that by the same conduct the Employer violated the prohibition in the November 2006 Judgment against violating the National Labor Relations Act "in any other manner." The Special Master further found that the third shift lasted from June 29, 2020 to May 24, 2021, Perez's transfer to the third shift lasted from July 13, 2020 to October 1, 2020, and the layoffs lasted from December 11, 2020 to December 21, 2020. As sought by the Board, the Special Master recommended that the Court order the Employer to: fully comply with the Judgments and Consent Orders and not in any way, by action or inaction, engage in, induce, encourage, permit or condone any violation of the Judgments and Consent Orders; refrain from unilaterally creating new work shifts, transferring employees to new work shifts and changing their work schedules, and laying off employees; refrain from, in any like or related manner, failing or refusing to bargain in good faith with the Union; and refrain from, in any other manner, interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act; rescind the third shift and the transfer of a bargaining unit employee to that shift upon request by the Intervenor; remove from its files any reference to the unlawful layoffs and, within 3 days thereafter, notify the affected employees in writing that this has been done and that the layoffs will not be used against them in any way; bargain in good faith with the Intervenor and sign documents memorializing any agreements; pay a make-whole sum covering backpay, interest, compensation for tax consequences arising from receiving lump sum payments and vacation time where applicable; post and mail a notice to be prepared by the Board; reimburse the Board for costs and attorney's fees. Finally, the Special Master recommended that the Court impose civil contempt fines against the Employer in the total amount of $724,500.

On September 5, 2023, the Employer filed objections to the Special Master's Report and Recommendations. The Special Master's Report and Recommendation is currently pending before the Court.

### B. "Contempt Cases Awaiting to be Awarded"

The Intervenor labelled another group of cases as "Contempt Cases Awaiting to be Awarded." Cases 12-CA-276420, 12-CA-278494, 12-CA-282686, 12-CA-284644 involve employees in the Arroz Rico Unit, and Cases 12-CA-286080 and 12-CA-315527 involve the Amelia Unit. I determined that there is reasonable cause to believe that the Act was violated in these cases as set forth below. Although these cases were considered for possible contempt adjudication it was determined that they are not appropriate for contempt adjudication. Accordingly, these cases are being processed administratively. The Regional office has proposed a settlement agreement to the Employer to resolve the below-described alleged violations of the Act in Cases 12-CA-276420, 12-CA-278494, 12-CA-282686, and 12-CA-284644 and I intend to issue a complaint alleging these allegations to be unlawful, absent prompt settlement. Case 12-CA-315527 was resolved by a settlement agreement, as further described below.

6

1. Case 12-CA-276420 – charge filed April 30, 2021, charge amended on June 11, August 26, and September 21, 2021

On March 22, 2021, the Employer transferred employee Rigoberto Rodriguez from the first shift to the second shift without giving the Intervenor an opportunity to bargain about the decision or its effects, and without reaching an overall good faith impasse in negotiations for a collective-bargaining agreement, in violation of Section 8(a)(1) and (5) of the Act.[7]

Since on or about April 16, 2021, the Employer has maintained and enforced an overbroad rule prohibiting use of cell phones during "working hours" in violation of Section 8(a)(1) of the Act.

On or about April 16, 2021, the Employer implemented the aforementioned overbroad cell phone rule and issued a documented orientation and a written warning to employee Fernando Santos, a written warning to employee Luis Rodriguez-Peralta, and a documented verbal warning to employee Luis Rios-Davila, without giving the Intervenor notice or an opportunity to bargain about the decision or its effects, and without reaching an overall good faith impasse in negotiations for a collective-bargaining agreement, in violation of Section 8(a)(1) and (5) of the Act.

On or about May 24, 2021, the Employer issued a documented orientation to employee Fernando Santos because of his union activities, in violation of Section 8(a)(1) and (3) of the Act.

2. Case 12-CA-278494 – charge filed on June 11, 2021; charge amended on September 17, 2021

On or about March 29, 2021, April 7 and 8, 2021, June 17, 21 and 22, 2021, July 9, 2021, and August 16, 2021, the Employer subcontracted Arroz Rico Unit work to employees of RC Company without giving the Intervenor notice or an opportunity to bargain about the decision or its effects, and without reaching an overall good faith impasse in negotiations for a collective-bargaining agreement, in violation of Section 8(a)(1) and (5) of the Act.

3. Case 12-CA-282685 – charge filed on September 9, 2021; charge amended on December 21, 2021

On or about April 1, 2021, the Employer implemented and thereafter maintained a rule imposing discipline on employees who arrived at work seven minutes or less before the start of their shift, and issued written warnings to: employee Felix Santos on or about April 1 and August 16, 2021, employee Fernando Santos on or about April 1 and August 10, 2021, employees Jesus Huertas and Jose Santiago on or about August 1, 2021, and employees Omar Rosario and Jose Montilla on or about August 2, 2021, without giving the Intervenor notice or an opportunity to bargain about the decision or its effects, and without reaching an overall good faith impasse in negotiations for a collective-bargaining agreement, in violation of Section 8(a)(1) and (5) of the Act.

---

[7] The Employer transferred Rodriguez back to the first shift on July 19, 2021.

Attachment A

On or about June 12 and 13, 2021, the Employer failed to offer overtime work to employee Rigoberto Rodriguez without giving the Intervenor notice or an opportunity to bargain about the decision or its effects, and without reaching an overall good faith impasse in negotiations for a collective-bargaining agreement, in violation of Section 8(a)(1) and (5) of the Act.

### 4. Case 12-CA-284644 – charge filed on October 15, 2021

On or about August 25, 2021, the Employer changed its Covid-19 policy rules regarding the wearing of face masks and issued a documented orientation to employee Fernando Santos without giving the Intervenor notice or an opportunity to bargain about the decision or its effects, and without reaching an overall good faith impasse in negotiations for a collective-bargaining agreement, in violation of Section 8(a)(1) and (5) of the Act, and issued the documented orientation to Fernando Santos because of his union activities, in violation of Section 8(a)(1) and (3) of the Act.

### 5. Case 12-CA-286080 – charge filed on November 10, 2021

Since on or about a date in 2018, Pan American Grain Co., Inc. required employee Marcos Robles to work overtime and 12-hour shifts on Saturdays and Sundays, without giving the Intervenor notice or an opportunity to bargain about the decision or its effects, and without reaching an overall good faith impasse in negotiations for a collective-bargaining agreement, in violation of Section 8(a)(1) and (5) of the Act.

### 6. Case 12-CA-315527 – charge filed on April 5, 2023; charge amended on February 6, 2024

As amended, the charge alleges that on or about March 31, 2023, and April 3, 2023, Pan American Grain Co., Inc. discriminated against Jesus Abel Rivera and Jesus Omar Rivera by discharging them from employment because of their protected concerted activities and activities in support of the Union, in violation of Section 8(a)(1) and (3) of the Act. After the investigation and consideration of the charge, it was determined that the charge had merit. After the determination not to pursue this case in a contempt adjudication, on March 5, 2024, I issued a Complaint and Notice of Hearing containing the same allegations as in the charge. Thereafter, Pan American Grain Co., Inc. and the Intervenor entered into an informal settlement agreement resolving the case, which I approved on June 5, 2024. The Regional office's investigation of compliance with the settlement agreement by Pan American Grain Co., Inc. is ongoing.

### C. The Resolved Cases

The Intervenor listed several groups of unfair labor practice cases in Attachment A to its Request to Block, which is made a part of Objection 2. It labelled one such group as "cases resolved." All of the cases in that group closed well before the filing of the petition herein. Nine of the cases in that group, Cases 24-CA-8570, 24-CA-8579, 24-CA-8624, 24-CA-8629, 24-CA-8637, 24-CA-8647, 24-CA-8807, 24-CA-8893, and 24-CA-8974-1 are the cases in which the Board issued the aforementioned Decision and Order reported at 343 NLRB 205 (2004). On

Attachment A

February 28, 2011, all of those cases were closed upon compliance, conditioned upon continued observance of the terms of the enforced Board Order.

Pursuant to an informal settlement agreement between the Employer and the Intervenor in Cases 24-CA-011761 and 12-CA-144476 that was approved by the former Regional Director of Region 12 on October 20, 2015, those cases were closed administratively upon compliance with that settlement agreement on July 25, 2016. Pursuant to another informal settlement agreement between the Employer and Intervenor in Cases 24-CA-066783, 12-CA-165095, 12-CA-170361, and 12-CA-171865 that was approved by the undersigned on June 30, 2017, those cases were closed administratively upon compliance on April 16, 2018.

### D. Cases Pending Investigation

The Intervenor lists Case 12-CA-320663 and an undocketed copy of the unfair labor practice charge that was docketed as Case 12-CA-330334 as cases that were pending at the time its Objections were filed. The charge in Case 12-CA-320663, which was filed on June 26, 2023, alleged that the Employer violated Section 8(a)(1) and (5) of the Act by, since February 2023, failing to bargain in good faith with the Intervenor by cutting short bargaining sessions and using pretextual reasons to cancel bargaining sessions for a collective-bargaining agreement. The charge in Case 12-CA-330334, which was filed on November 17, 2023, alleged that the Employer violated Section 8(a)(1) and (5) of the Act by, since on or about November 14, 2023, bargaining in bad faith with the Intervenor with the purpose of intimidating and coercing employees and undermining the Intervenor by diminishing employee support for the Intervenor, including by engaging in regressive bargaining, proposing changes to articles previously agreed upon and signed by the parties in contract negotiations, and failing to submit pending proposals and/or submitting proposals outside the time frame agreed upon by the parties. The charge in Case 12-CA-330334 further alleged that the Employer violated Section 8(a)(1) and (5) of the Act by, on or about November 15, 2024, refusing Intervenor official Jose Alberto Figueroa access to the Employer's Arroz Rico facility.

Following the investigation and consideration of the charges in Cases 12-CA-320663 and 12-CA-330334, I dismissed those charges on March 25, 2024, because there was insufficient evidence to establish a violation of the Act. The Intervenor appealed that determination. On August 6, 2024, the General Counsel denied the appeal.

### E. Case in Compliance

The Intervenor lists Case 12-CB-296384 in the fifth and final category of unfair labor practice cases on Attachment A to its Request to Block. However, the charge in that case was filed by the Employer against the Intervenor. As second amended on November 10, 2022, it alleges that the Intervenor violated Section 8(b)(3) of the Act within the previous six months, by failing and refusing to bargain in good faith with the Employer by failing to promptly respond to offered dates to continue bargaining, failing to timely respond to proposals, failing to prepare for bargaining meetings and thereby delaying negotiations. After the investigation and consideration of the charge, I determined that it had merit. The Employer and the Intervenor entered into a settlement agreement, which I approved on February 10, 2023. Among other remedies, the

9

Settlement Agreement required the Intervenor to meet and bargain with the Employer for a minimum of 14 hours per month until an agreement or an overall good faith impasse in negotiations for a collective-bargaining agreement was reached, or until the parties mutually agreed to a respite in bargaining. On March 18, 2024, the case was closed, conditioned upon continued observance of the informal Settlement Agreement.

F.  Analysis

The Board has long held, as a general rule with limited exception, that only conduct occurring during the critical period between the date of the filing of the petition and the end of the election may serve as a basis for setting aside an election. *The Ideal Electric and Manufacturing Company*, 134 NLRB 1275, 1278 (1961); *West Texas Equipment Company*, 142 NLRB 1358, 1359-1360 (1965); *Flamingo Las Vegas Operating Co.*, 360 NLRB 243, 246, fn. 13 and accompanying text (2014) (declining to overrule *Ideal Electric*). Generally, the Board does not consider prepetition conduct as objectionable, though it may consider prepetition conduct to the extent that it "adds meaning and dimension to related postpetition conduct." *Dresser Industries, Inc.*, 242 NLRB 74 (1974). However, it is well established that the Board will not generally set aside an election based only on prepetition conduct. *Data Technology Corp.*, 281 NLRB 1005, 1007 (1986).[8] It is the objecting party's burden to demonstrate that objectionable conduct occurred during the critical period between the date of filing of the petition and the end of the election. *Accubuilt, Inc.*, 340 NLRB 1337. 1338 (2003); *Dollar Rent-A-Car*, 314 NLRB 1089, 1089, fn. 4 (1994).

The only unfair labor practice charges cited by the Intervenor in support of Objections 1 to 5 and 7 that allege conduct that might have occurred in the critical period between the filing of the petition and the election are the charges in Cases 12-CA-320663 and 12-CA-330334. However, both of those charges were dismissed because there is insufficient evidence that they had merit and the Intervenor's appeal of the dismissal was denied. All of the other charges cited by the Intervenor concern events that occurred in 2021 or earlier.[9] Accordingly, although not all of the allegations found meritorious in these prepetition cases had been remedied as of the time the petition was filed, the evidence of unlawful conduct by the Employer that preceded the filing of the petition on November 8, 2023, is not a basis to set aside the election. Further, the prepetition unfair labor practices do not add meaning or dimension to any potentially objectionable conduct because there was no objectionable conduct within the critical period preceding the election. For the above reasons, I am overruling Objections 1 to 5 and 7.

---

[8] Limited exceptions to the general rule that prepetition conduct is not objectionable involve misconduct related to the solicitation of the showing of interest supporting the petition, typically consisting of union authorization cards. An example is a petitioning union's prepetition promises to waive union initiation fees or provide other direct benefits for employees who sign union authorization cards that are submitted as the showing of interest needed to support the filing and processing of a representation petition in the first instance. *Gibson's Discount Center*, 214 NLRB 221-222 (1974), relying on the Supreme Court's refusal to enforce a Board bargaining order because the union had offered to waive initiation fees for authorization slip signers in *NLRB v. Savair Mfg. Co.*, 414 U.S. 270 (1973). Similarly, the Board has considered whether the prepetition solicitation of union authorization cards by supervisors is objectionable. *Madison Square Garden CT, LLC*, 350 NLRB 117, 122 (2007). These exceptions do not apply to the instant case.

[9] Obviously, the charge filed against the Intervenor in Case 12-CB-296384 does not support its claim that the Employer engaged in objectionable conduct.

**Objection 6**

The Intervenor contends that Petitioner's president told the Arroz Rico Unit employees that the content of a December 1, 2023, letter I served on the parties denying the Intervenor's request to block the processing of the petition was not true and the election was going to be certified within 40 to 45 days.  The Intervenor argues that the Petitioner's assertions deceived employees and caused them to withdraw their support for the Intervenor. The Intervenor further contends that the Petitioner falsely asserted that there was a collective-bargaining agreement that expired in 2018.  As noted above, the Intervenor did not submit an offer of proof in support of its Objections, and there is no evidence supporting Objection 6.

My December 1, 2023 letter to the parties stated, in relevant part, that the pending unfair labor practice charges listed on Attachment A to the Intervenor's Request to Block did not involve the types of unfair labor practices that warrant a merit-determination dismissal of the representation petition filed by Petitioner, and therefore the processing of the petition would not be blocked.  The letter then quoted Section 103.20 of the Board's Rules in its entirety.  The letter made no assertion about when a certification of the election might be issued. Accordingly, my letter is not contradicted by any prediction the Petitioner may have made about when a certification might issue.

Even assuming that evidence exists showing that a representative of the Petitioner made the alleged statements to Arroz Rico Unit employees, such conduct is not objectionable because the Board does not probe into the truth or falsity of parties' campaign statements and will not set aside elections based on misleading campaign statements unless a party uses forged documents that render voters unable to recognize campaign propaganda for what it is. *Midland National Life Insurance Co.*, 263 NLRB 127, 133 (1982).  The Board applies this standard to simple misstatements of law, as well as misstatements of fact. *John W. Galbreath & Co.*, 288 NLRB 876, 877 (1988).  If made, the alleged statement about the timing of the certification was merely the Petitioner's opinion, rather than a misstatement of the law or fact.  Further, a mistaken or false representation that there was a collective-bargaining agreement between the Employer and the Intervenor that expired in 2018, would not be objectionable because it is the type of factual claim that employees are capable of evaluating for themselves. *Midland National Life Insurance*, supra.

For the above reasons I am overruling Objection 6.

**Summary**

In summary, based on the administrative investigation I overrule the Objections in their entirety because there is insufficient evidence to establish any objectionable conduct. Accordingly, I am certifying the Petitioner as the representative of the Arroz Rico Unit employees.

Attachment A

## CERTIFICATION OF REPRESENTATIVE[10]

As authorized by the National Labor Relations Board, **IT IS CERTIFIED** that a majority of the valid ballots have been cast for Unión de Tronquistas de Puerto Rico, Local 901, International Brotherhood of Teamsters and that it is the exclusive representative of the employees in the following appropriate unit:

> All full-time and regular part-time production and maintenance employees employed by Pan American Grain Manufacturing Co., Inc. in Guaynabo, Puerto Rico and any of its other facilities in Puerto Rico; excluding all other employees, office clerical employees, professional employees, managers, guards, and supervisors as defined in the Act.

## RIGHT TO REQUEST REVIEW

Pursuant to Section 102.67(c) of the Board's Rules and Regulations, you may obtain a review of this action by filing a request with the Executive Secretary, National Labor Relations Board, 1015 Half Street SE, Washington, DC 20570-0001. A copy of the request for review must be served on each of the other parties as well as on the undersigned, in accordance with the requirements of the Board's Rules and Regulations. The request for review must contain a complete statement of the facts and reasons on which it is based.

***Procedures for Filing Request for Review*: Pursuant to Section 102.5 of the Board's Rules and Regulations, a request for review must be filed by electronically submitting (E-Filing) it through the Agency's web site (www.nlrb.gov), unless the party filing the request for review does not have access to the means for filing electronically or filing electronically would impose an undue burden.** A request for review filed by means other than E-Filing must be accompanied by a statement explaining why the filing party does not have access to the means for filing electronically or filing electronically would impose an undue burden. Section 102.5(e) of the Board's Rules do not permit a request for review to be filed by facsimile transmission. A copy of the request for review must be served on each of the other parties to the proceeding, as well as on the undersigned, in accordance with the requirements of the Board's Rules and Regulations. The request for review must comply with the formatting requirements set forth in Section 102.67(i)(1) of the Board's Rules and Regulations. Detailed instructions for using the NLRB's E-Filing system can be found in the E-Filing System User Guide.

A request for review must be received by the Executive Secretary of the Board in Washington, DC, by close of business **(5 p.m. Eastern Time) on September 25, 2024,** unless filed electronically. If filed electronically, it will be considered timely if the transmission of the entire document through the Agency's website is **accomplished by no later than 11:59 p.m. Eastern Time on September 25, 2024.**

Filing a request for review electronically may be accomplished by using the E-Filing system on the Agency's website at www.nlrb.gov. Once the website is accessed, click on **E-File**

---

[10] Attached hereto are a Notice of Bargaining Obligation and a Notice of Federal Mediation and Conciliation Services for Initial Contract Bargaining.

Attachment A

**Documents**, enter the NLRB Case Number, and follow the detailed instructions. The responsibility for the receipt of the request for review rests exclusively with the sender. A failure to timely file the request for review will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason, absent a determination of technical failure of the site, with notice of such posted on the website.

Upon good cause shown, the Board may grant special permission for a longer period within which to file a request for review. A request for extension of time, which must also be filed electronically, should be submitted to the Executive Secretary in Washington, and a copy of such request for extension of time should be submitted to the Regional Director and to each of the other parties to this proceeding. A request for an extension of time must include a statement that a copy has been served on the Regional Director and on each of the other parties to this proceeding in the same manner or a faster manner as that utilized in filing the request with the Board.

Any party may, within 5 business days after the last day on which the request for review must be filed, file with the Board a statement in opposition to the request for review. An opposition must be filed with the Board in Washington, DC, and a copy filed with the Regional Direction and copies served on all the other parties. The opposition must comply with the formatting requirements set forth in §102.67(i)(1). Requests for an extension of time within which to file the opposition shall be filed pursuant to §102.2(c) with the Board in Washington, DC, and a certificate of service shall accompany the requests. The Board may grant or deny the request for review without awaiting a statement in opposition. No reply to the opposition may be filed except upon special leave of the Board.

Dated: September 11, 2024.

David Cohen, Regional Director
National Labor Relations Board, Region 12
201 E. Kennedy Blvd., Suite 530
Tampa, Florida 33602-5824

Attachment A

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 1O

CONGRESO DE UNIONES
INDUSTRIALES DE PR
Interventor

vs

PAN AMERICAN GRAIN
MANUFACTURING
Patrono
y
UNION DE TRONQUISTAS
Peticionarios

CASE #: 12-RC-329670

### MOCIÓN – OBJECIONES A LA ELECCION EN EL CASO DE EPIGRAFE

### A NATIONAL LABOR RELATIONS BOARD:

Comparece el Sr. José Alberto Figueroa Ríos, Presidente del CONGRESO DE UNIONES INDUSTRIALES DE PUERTO RICO, en adelante "La Unión CUIPR":

1. El pasado 21 de diciembre de 2023 se llevó a cabo unas elecciones en Pan American Grain Manufacturing, en adelante "La Compañía".

2. El resultado de las elecciones demuestra lo que la Unión CUIPR alegó en su "Statement Position" y en el "Request to Block". (Adjunto Statement Position y el Request to Block).

3. Las acciones de violaciones reiteradas a la ley por parte de la compañía, han creado un ambiente contaminante e intimidante, las cuales no permitieron unas elecciones que cumplan y garanticen que las mismas hayan sido de manera libre de coacción, intimidación o engaño.

4. Estas elecciones y sus resultados son el producto de las acciones de la compañía para que los trabajadores le quiten el respaldo a la Unión CUIPR, creando un ambiente de confusión y temor en los empleados.

5. Las actuaciones de la compañía de negociar de mala fe, suspendiendo las negociaciones, abandonando las mismas sin razón justificada y sin notificarle a la Unión CUIPR y haciendo propuestas regresivas en los artículos totalmente acordados y en las secciones acordadas de los artículos pendientes, motivaron a que los empleados le quitaran el respaldo a la Unión CUIPR (Ver Caso 12-CA-330334).

Attachment A

6. El presidente de la Unión de Tronquistas, de manera premeditada le dijo a los trabajadores que la carta suscrita el 1 de diciembre de 2023, por el Director Regional de la Región 12, David Cohen, no era cierta y que las elecciones se iban a certificar de manera ordinaria dentro de 40 a 45 días. Esas aseveraciones tan importantes **engañaron a los trabajadores** para que le quitaran el respaldo a la Unión CUIPR.

7. En conclusión, las acciones de la compañía y su historial de violaciones reiteradas desalentaron e impidieron a los trabajadores seleccionar libremente a su representante. La conducta de la compañía inclinó totalmente la balanza en contra del Congreso de Uniones Industriales al darle a entender a los trabajadores que no firmarían un convenio con el Congreso.

**POR TODO LO CUAL,** muy respetuosamente solicito al Honorable Director de la Región 12 de la N.L.R.B. que invalide estas elecciones.

**CERTIFICO:** Haber enviado copia fiel y exacta del presente escrito a la compañía, Pan American Grain Manufacturing y al Lcdo. Jorge L. Marchand de la Unión de Tronquistas de Puerto Rico.

**RESPETUOSAMENTE SOMETIDA,** en San Juan, Puerto Rico hoy, 26 de diciembre de 2023.

José A. Figueroa Ríos

José Alberto Figueroa Ríos
Tel. (787) 599-9670
josealbertofigueroa@yahoo.com
PO Box 344
Catano, Puerto Rico  00963

FORM NLRB-505
(4-15)

| UNITED STATES OF AMERICA<br>NATIONAL LABOR RELATIONS BOARD<br>**STATEMENT OF POSITION** | DO NOT WRITE IN THIS SPACE | |
|---|---|---|
| | Case No<br>12-RC-32960 | Date Filed<br>11/15/23 |

INSTRUCTIONS: *Submit this Statement of Position to an NLRB Office in the Region in which the petition was filed and serve it and all attachments on each party named in the petition in this case such that it is received by them by the date and time specified in the notice of hearing Note: Non-employer parties who complete this form are NOT required to complete items 8f or 8g below or to provide a commerce questionnaire or the lists described in item 7. In RM cases, the employer is NOT required to respond to items 3, 5, 6, and 8a-8e below*

| 1a. Full name of party filing Statement of Position:<br>CONGRESO DE UNIONES INDUSTRIALES DE PR (CUIPR) | 1c. Business Phone<br>787-599-9670 | 1e. Fax No |
|---|---|---|
| 1b. Address *(Street and number, city, state, and ZIP code):*<br>PO BOX 344 CATANO, PR  00962 | 1d. Cell No<br>787-599-9670 | 1f. e-Mail Address<br>josealbertofigueroa@yahoo.com |

2. Do you agree that the NLRB has jurisdiction over the Employer in this case?  ☒ Yes  ☐ No
*(A completed commerce questionnaire (Attachment A) must be submitted by the Employer, regardless of whether jurisdiction is admitted)*

3. Do you agree that the proposed unit is appropriate?  ☐ Yes  ☒ No  *(If not, answer 3a and 3b.)*

a. State the basis for your contention that the proposed unit is not appropriate. *(If you contend a classification should be excluded or included briefly explain why, such as shares a community of interest or are supervisors or guards.)*

Esa no es la unidad apropiada acordada entre el CUIPR y la compania.

b. State any classifications, locations, or other employee groupings that must be added to or excluded from the proposed unit to make it an appropriate unit.

| Added:<br>Ver anejo A de Request to Block | Excluded:<br>Ver Anejo A de Request to Block |
|---|---|

4. Other than the individuals in classifications listed in 3b, list any individual(s) whose eligibility to vote you intend to contest at the pre-election hearing in this case and the basis for contesting their eligibility.

mecanicos, soldadores y electricistas

5. Is there a bar to conducting an election in this case?  ☐ Yes  ☒ No   *If yes, state the basis for your position*

No en este momento.

6. Describe all other issues you intend to raise at the pre-election hearing.

Ver Anejo A del Statement of Position y ver Anejo A del Request to Block. Con relacion a la peticion de elecciones levanto objeciones en los parrafos 5(a), 5(i), 8(b), 8(c), 8(f), 8(h), 8(i),

7. The employer must provide the following lists which must be alphabetized (overall or by department) in the format specified at http://www.nlrb.gov/what-we-do/conduct-elections/representation-case-rules-effective-april-14-2015

(a) A list containing the full names, work locations, shifts and job classification of all individuals in the proposed unit as of the payroll period immediately preceding the filing of the petition who remain employed as of the date of the filing of the petition. (Attachment B)

(b) If the employer contends that the proposed unit is inappropriate the employer must provide (1) a separate list containing the full names, work locations, shifts and job classifications of all individuals that it contends must be added to the proposed unit, if any to make it an appropriate unit, (Attachment C) and (2) a list containing the full names of any individuals it contends must be excluded from the proposed unit to make it an appropriate unit. (Attachment D)

| 8a. State your position with respect to the details of any election that may be conducted in this matter. Type:  ☐ Manual  ☐ Mail  ☐ Mixed Manual/Mail | | |
|---|---|---|
| 8b. Date(s): | 8c. Time(s): | 8d. Location(s) |
| 8e. Eligibility Period (e.g. special eligibility formula): | 8f. Last Payroll Period Ending Date: | 8g. Length of payroll period<br>☐ Weekly  ☐ Biweekly<br>☐ Other *(specify length)* |

9. Representative who will accept service of all papers for purposes of the representation proceeding

| 9a. Full name and title of authorized representative<br>Jose Alberto Figueroa Rios | 9b. Signature of authorized representative<br>Jose Alberto Figueroa Rios | 9c. Date<br>11/18/23 |
|---|---|---|
| 9d. Address *(Street and number, city, state, and ZIP code)*<br>PO Box 344 Catano, PR  00962 | | 9e. e-Mail Address<br>josealbertofigueroa@yahoo.com |
| 9f. Business Phone No.`<br>(787) 599-9670 | 9g. Fax No.: | 9h. Cell No.<br>(787) 599-9670 |

**WILLFUL FALSE STATEMENTS ON THIS PETITION CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. Section 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation proceedings. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. 74942-43 (December 13, 2006). The NLRB will further explain these uses upon request. Failure to supply the information requested by this form may preclude you from litigating issues under 102.66(d) of the Board's Rules and Regulations and may cause the NLRB to refuse to further process a representation case or may cause the NLRB to issue you a subpoena and seek enforcement of the subpoena in federal court.

Attachment A

STATEMENT OF POSITION

CONGRESO DE UNIONES INDUSTRIALES DE PR (CUIPR)

CASE: 12-RC-329670

ANEJO A

**3(b) Added:**

Todo empleado regular de producción y mantenimiento empleados por la compañía en sus facilidades de Arroz Rico y cualquier otra localización que tenga la compañía para los mismos fines.

**3(b) Excluded:**

Se excluyen los empleados clericales de oficina, empleados profesionales, gerentes y supervisores.

**6. Describe all other issues you intend to raise at the pre-election hearing:**

Las siguientes secciones de la Petición están incorrectas:

6(a) Cantidad de Empleados de la Unidad esta incorrecta

8b. La dirección de Congreso de Uniones Industriales esta incorrecta.

8(h) Fecha de reconocimiento de la unión esta incorrecta.

8(i) Fecha de expiración del Contrato esta incorrecta.

En adición:

El historial de esta compañía refleja una actitud y conducta contumaz y una violación reiterada en total menosprecio en cumplir con la ley y el convenio colectivo. La compañía no acata las ordenes de la Junta de cesar y desistir de dichas violaciones. Las acciones de la Compañía han sido dirigidas a minar y restarle el respaldo de los trabajadores hacia la Unión. Han creado un ambiente contaminante, intimidante y los empleados están frustrados por la gran cantidad de años que han estado esperando para que se firme un convenio colectivo. La compañía no permite que se pueda celebrar unas elecciones de manera libre y democrática. Las acciones de la compañía han creado descontento en los trabajadores y lesionado el respaldo de estos a la Unión.

Debido a las practicas ilícitas de la compañía, los trabajadores no se encuentran en un ambiente propicio para tomar una decisión libre de coacción e intimidación. Entre las prácticas ilícitas del patrono se encuentran: negativa a negociar, negociar de mala fe, violaciones al convenio colectivo, abandonar las negociaciones sin justificación alguna, no cumplir con el horario de las negociaciones, suspender las negociaciones reiteradamente según se obligaron las partes en el caso 12-CB-296384.

Además, la Unión de Tronquistas alega que hay un convenio colectivo que expiro en 2018 cuando esto es falso.

## CONGRESO DE UNIONES INDUSTRIALES DE PUERTO RICO

### ATTACHMENT A del Request to Block

#### RE: CASE: 12-RC-329670

I.    CONTEMPT CASES:
   1.  12-CA-263110
   2.  12-CA-270528
   3.  Cases 05-1274 y 06-1529 (1ᵗ Cir. February 17, 2015 y August 29, 2019)

II.   CONTEMPT CASES waiting to be Awarded:

      12-CA-276420
      12-CA-278494
      12-CA-282686
      12-CA-284644
      12-CA-286080
      12-CA-315527 (Pan American Grain Company)
      Despido – Jesús Omar Rivera y Jesús Abel Rivera

III.  Casos resueltos:

      24-CA-011761
      24-CA-144476
      24-CA-066783
      12-CA-165095
      12-CA-170361
      12-CA-171865
      24-CA-8570
      24-CA-8579
      24-CA-8624
      24-CA-8629
      24-CA-8637
      24-CA-8747
      24-CA-8807
      24-CA-8893
      24-CA-8974-1

IV.   Caso pendiente de investigación:

      12-CA-320663
      Cargo radicado el 17 de noviembre de 2023 (Ver anejo B)

V.    Caso en "Compliance":
      12-CB-296384

Form NLRB - 501 (3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

INSTRUCTIONS:

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| | |

File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| | | |
|---|---|---|
| a. Name of Employer<br>Pan American Grain Manufacturing, Inc. | | b. Tel. No.<br>(787)727-3610 |
| | | c. Cell No.<br>(787)600-5231 |
| d. Address (Street, city, state, and ZIP code)<br>9 Claudia Street, Amelia Industrial Park, Guaynabo, PR 00968 | e. Employer Representative<br>Barbara Bravo<br>HR Director | f. Fax No |
| | | g. e-mail<br>bbravo@panamericangrain.com |
| | | h. Number of Workers Employed |
| i. Type of Establishment (factory, mine, wholesaler, etc.)<br>corporation | j. Identify Principal Product or Service<br><br>rice | |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (5) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Since on or about November 14, 2023, the Employer has been bargaining in bad faith with the Union with the purpose of intimidating and coercing employees with the purpose of undermining the Union with the intent to diminish the employees' support of the Union by:

On or about November 15, 2023, refusing Union official Jose Alberto Figueroa access to the Employer's Rico facility
On or about November 14, 2023, engaging in regressive bargaining by proposing changes to articles previously agreed upon and signed by the parties in contract negotiations.
On or about November 14, 2023, failing to submit pending proposals and/or submitting proposals outside the time frame agreed upon by the parties.

| 3. Full name of party filing charge (if labor organization, give full name, including local name and number)<br>Congreso de Uniones Industriales de Puerto Rico | |
|---|---|
| 4a. Address (Street and number, city, state, and ZIP code)<br>P.O. Box 344, Cataño, PR 00962 | 4b. Tel. No.<br>(787)599-9670 |
| | 4c. Cell No.<br>(787)599-9670 |
| | 4d. Fax No. |
| | 4e. e-mail<br>josealbertofiguroa@yahoo.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

### 6. DECLARATION

| I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief | | Tel. No.<br>(787)599-9670 |
|---|---|---|
| *(signature)* | Jose Alberto Figueroa<br>President | Office, if any, Cell No.<br>(787)599-9670 |
| (signature of representative or person making charge) | (Print/type name and title or office, if any) | Fax No. |
| Address.    P.O. Box 344, Cataño, PR 00962 | Date:  17 November 2023 | e-mail<br>josealbertofiguroa@yahoo.com |

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

English Translation by NLRB Language Specialist Matthew J. Clutteur

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 10**

|  |  |
|---|---|
| CONGRESO DE UNIONES INDUSTRIALES DE PR Intervenor<br><br>vs<br><br>PAN AMERICAN GRAIN MANUFACTURING Employer and UNIÓN DE TRONQUISTAS Petitioners | CASE #: 12-RC-329670 |

## MOTION – OBJECTIONS TO THE ELECTION IN THE CAPTIONED CASE

### TO THE NATIONAL LABOR RELATIONS BOARD:

Appearing is Mr. José Alberto Figueroa Ríos, President of EL CONGRESO DE UNIONES INDUSTRIALES DE PUERTO RICO, hereinafter "the CUIPR Union".

1. On December 21, 2023, elections were held at Pan American Grain Manufacturing, hereinafter "The Company".

2. The results of the elections prove what the CUIPR Union alleged in its Statement of Position and Request to Block. (Attached is the Statement of Position and Request to Block).

3. The company's actions of repeated violations of the law have created a contaminating and intimidating environment, which did not allow for elections that comply with and guarantee that they have been free of coercion, intimidation or deception.

4. These elections and their results are the product of the company's actions to get workers to withdraw support for the CUIPR Union, creating an environment of confusion and fear in the employees.

5. The company's actions of bargaining in bad faith, suspending negotiations, abandoning the negotiations without good cause and without notifying the CUIPR Union and making regressive

English Translation by NLRB Language Specialist Matthew J. Clutteur

proposals on fully agreed-upon articles and agreed-upon sections of pending articles, led the employees to withdraw their support for the CUIPR Union (See Case 12-CA-330334).

6. The president of la Unión de Tronquistas deliberately told the workers that the letter signed on December 1, 2023 by David Cohen, Regional Director of Region 12, was not true and that the elections were going to be certified in an ordinary manner within 40 to 45 days. Those highly important assertions **deceived the workers** into withdrawing their support for the CUIPR Union.

7. In conclusion, the company's actions and its history of repeated violations discouraged and prevented workers from freely selecting their representative. The company's conduct utterly tipped the scales against the Congreso de Uniones Industriales by making it clear to workers that they would not be signing a collective bargaining agreement with El Congreso.

**WHEREFORE,** I most respectfully request that the Honorable Director of Region 12 of the N.L.R.B. render these elections invalid.

**I HEREBY CERTIFY:** That I have sent a true and exact copy of this written document to the company, Pan American Grain Manufacturing and to Atty. Jorge L. Marchand of La Unión de Tronquistas de Puerto Rico.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico on this 26th day of December, 2023.

*(handwritten signature)*
José Alberto Figueroa Ríos
Tel. (787) 599-9670
josealbertofigueroa@yahoo.com
PO BOX 344
Cataño, Puerto Rico 00963

Attachment A

**English Translation by NLRB Language Specialist Matthew J. Clutteur**

FORM NLRB-505
(12-20)

| | DO NOT WRITE IN THIS SPACE | |
|---|---|---|
| UNITED STATES GOVERNMENT<br>NATIONAL LABOR RELATIONS BOARD<br>**STATEMENT OF POSITION** | Case No.<br><br>12-RC-329670 | Date Filed<br><br>11/15/23 |

INSTRUCTIONS: Submit this Statement of Position to an NLRB Office in the Region in which the petition was filed and serve it and all attachments on each party named in the petition in this case such that it is received by them by the date and time specified in the notice of hearing. Note: Non-employer parties who complete this form are NOT required to complete items 8f or 8g below or to provide a commerce questionnaire or the lists described in item 7. In RM cases, the employer is NOT required to respond to items 3, 5, 6 and 8a-8e below.

| 1a. Full name of party filing Statement of Position<br><br>CONGRESO DE UNIONES INDUSTRIALES DE PR (CUIPR) | 1c. Business Phone:<br><br>787-599-9670 | 1e. Fax No.: |
|---|---|---|
| 1b. Address *(Street and number, city, state, and ZIP code)*<br>PO BOX 344 CATANO, PR 00962 | 1d. Cell No.:<br><br>787-599-9670 | 1f. e-Mail Address<br><br>josealbertofigueroa@yahoo.com |

2. Do you agree that the NLRB has jurisdiction over the Employer in this case? **[X] Yes**    [ ] No
*(A completed commerce questionnaire (Attachment A) must be submitted by the Employer, regardless of whether jurisdiction is admitted)*

3. Do you agree that the proposed unit is appropriate? [ ] Yes    **[X] No**  *(If not, answer 3a and 3b.)*

a.    State the basis for your contention that the proposed unit is not appropriate.  *(If you contend a classification should be excluded or included briefly explain why, such as shares a community of interest or are supervisors or guards.)*

That is not the appropriate unit agreed between the CUIPR and the company.

b. State any classifications, locations, or other employee groupings that must be added to or excluded from the proposed unit to make it an appropriate unit.

| Added<br>See Attachment A of the Request to Block | Excluded<br>See Attachment A of the Request to Block |
|---|---|

4. Other than the individuals in classifications listed in 3b, list any individual(s) whose eligibility to vote you intend to contest at the pre-election hearing in this case and the basis for contesting their eligibility.
mechanics, welders and electricians

5. Is there a bar to conducting an election in this case? [ ] Yes    **[X] No** *If yes, state the basis for your position.*
Not at this time.

6. Describe all other issues you intend to raise at the pre-election hearing.
See Attachment A of the Statement of Position and see Attachment A of the Request to Block.  Relating to the election petition, I am raising objections in Paragraphs 5(a), 5(a), 8(b), 8(c), 8(f), 8(h), 8(i).

7. The employer must provide the following lists which must be alphabetized (overall or by department) in the format specified at http://www.nlrb.gov/sites/what-we-do/conduct-elections/representation-case-rules-effective-april-14-2015
(a) A list containing the full names, work locations, shifts and job classification of all individuals in the proposed unit as of the payroll period immediately preceding the filing of the petition who remain employed as of the date of the filing of the petition. (Attachment B)
(b) If the employer contends that the proposed unit is inappropriate the employer must provide (1) a separate list containing the full names, work locations, shifts and job classifications of all individuals that it contends must be *added* to the proposed unit, if any to make it an appropriate unit, (Attachment C) and (2) a list containing the full names of any individuals it contends must be *excluded* from the proposed unit to make it an appropriate unit. (Attachment D)

8a. State your position with respect to the details of any election that may be conducted in this matter. Type: [ ] Manual    [ ] Mail    [ ] Mixed Manual/Mail

| 8b. Date(s) | 8c. Time(s) | 8d. Location(s) |
|---|---|---|

| 8e. Eligibility Period (e.g. special eligibility formula) | 8f. Last Payroll Period Ending Date | 8g. Length of payroll period<br><br>[ ] Weekly    [ ] Biweekly    [ ] Other *(specify length)* |
|---|---|---|

**9. Representative who will accept service of all papers for purposes of the representation proceeding**

| 9a. Full name and title of authorized representative<br>José Alberto Figueroa Ríos | 9b. Signature of authorized representative<br>José Alberto Figueroa Ríos    *(signed)* | 9c. Date<br>11/18/23 |
|---|---|---|
| 9d. Address *(Street and number, city, state, and ZIP code)*<br>PO Box 344 Cataño, PR 00962 | | 9e. e-Mail Address<br><br>josealbertofigueroa@yahoo.com |
| 9f. Business Phone No.:<br>787-599-9670 | 9g. Fax No. | 9h. Cell No.<br>787-599-9670 |

WILLFUL FALSE STATEMENTS ON THIS PETITION CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. Section 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation proceedings. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. 74942-43 (December 13, 2006). The NLRB will further explain these uses upon request. Failure to supply the information requested by this form may preclude you from litigating issues under 102.66(d) of the Board's Rules and Regulations and may cause the NLRB to refuse to further process a representation case or may cause the NLRB to issue you a subpoena and seek enforcement of the subpoena in federal court.

Attachment A

English Translation by NLRB Language Specialist Matthew J. Clutteur

STATEMENT OF POSITION

CONGRESO DE UNIONES INDUSTRIALES DE PR (CUIPR)

CASE: 12-RC-329670

ATTACHMENT A

**3(b) Added:**

All regular production and maintenance employees employed by the company at its Arroz Rico facilities and any other location the company has for the same purposes.

**3(b) Excluded:**

Office clerical employees, professional employees, managers and supervisors are excluded.

**6. Describe all other issues you intend to raise at the pre-election hearing:**

The following sections of the Petition are incorrect.

6(a) Number of Unit Employees is incorrect.

8b. The address for Congreso de Uniones Industriales is incorrect.

8(h) Date of union recognition is incorrect.

8(i) The expiration date of the Contract is incorrect.

In addition:

This company's history reflects an unrelenting attitude and conduct and repeated violation in utter disregard for abiding by the law and the collective bargaining agreement. The company has failed to comply with the Board's orders to cease and desist from such violations. The Company's actions have been aimed at undermining and diminishing the workers' support for the Union. They have created a contaminating; intimidating environment and the employees are frustrated over the many years they have been waiting to sign a collective bargaining agreement. The company has not allowed a free and democratic elections to be held. The company's actions have created dissatisfaction among the workers and have hurt their support for the Union.

Due to the company's unfair practices, the workers are not in an appropriate environment for making a decision free of coercion and intimidation. Among the employer's unfair practices are: refusal to bargain, bad-faith bargaining, collective bargaining agreement violations, abandoning negotiations with no justification, failure to comply with the negotiation schedule, repeated suspension of negotiations as required by the parties in Case 12-CB-296384.

In addition, la Unión de Tronquistas alleges that there is a collective bargaining agreement that expired in 2018 when this is false.

*(signed by José Alberto Figueroa Ríos)*

English Translation by NLRB Language Specialist Matthew J. Clutteur

## CONGRESO DE UNIONES INDUSTRIALES DE PUERTO RICO

### ATTACHMENT A from the Request to Block

#### RE: CASE: 12-RC-329670 *(signed by José Alberto Figueroa Ríos)*

I.  CONTEMPT CASES:
    1. 12-CA-263110
    2. 12-CA-270528
    3. Cases 05-1274 and 06-1529 (1ˢᵗ Cir. February 17, 2015 and August 29, 2019)

II. COMTEMPT CASES waiting to be Awarded:
    12-CA-276420
    12-CA-278494
    12-CA-272686
    12-CA-284644
    12-CA-286080
    12-CA-315527 (Pan American Grain Company)
    Termination – Jesús Omar Rivera and Jesús Abel Rivera

III. Resolved cases:
    24-CA-011761
    24-CA-144476
    24-CA-066783
    12-CA-165095
    12-CA-170361
    12-CA-171865
    24-CA-8570
    24-CA-8579
    24-CA-8624
    24-CA-8629
    24-CA-8637
    24-CA-8747
    24-CA-8807
    24-CA-8893
    24-CA-8974-1

IV. Case pending investigation:
    12-CA-320663
    Charge filed on November 17, 2023 (See Attachment B)

V.  Case in Compliance:
    12-CB-296384

Attachment A

FORM NLRB-501 (3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| *DO NOT WRITE IN THIS SPACE* | |
|---|---|
| *Case* | Date Filed |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a.  Name of Employer | b.  Tel. No. (787) 727-3610 |
|---|---|
| Pan American Grain Manufacturing, Inc. | c.  Cell No. (787) 600-5231 |

| d. Address *(Street, city, state, and ZIP code)* | e. Employer Representative | f. Fax. No. (787) 273-6550 |
|---|---|---|
| 9 Claudia Street, Amelia Industrial Park, Guaynabo, PR 00968 | Barbara Bravo HR Director | g. e-mail bbravo@panamericangrain.com |
| | | h. Number of workers employed |

| i. Type of Establishment *(factory, mine, wholesaler, etc.)* | j. Identify principal product or service |
|---|---|
| corporation | rice |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (5) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

Since on or about November 14, 2023, the Employer has been bargaining in bad faith with the Union with the purpose of intimidating and coercing employees with the purpose of undermining the Union with the intent to diminish the employees' support of the Union by:

On or about November 15, 2023, refusing Union official José Alberto Figueroa access to the Employer's Rico facility.
On or about November 14, 2023, engaging in regressive bargaining by proposing changes to articles previously agreed upon and signed by the parties in contract negotiations.
On or about November 14, 2023, failing to submit pending proposals and/or submitting proposals outside the time frame agreed upon by the parties.

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*
Congreso de Uniones Industriales de Puerto Rico

| 4a. Address *(Street and number, city, state, and ZIP code)* | 4b. Tel. No. (787) 599-9670 |
|---|---|
| P.O. Box 344, Cataño, PR 00962 | 4c. Cell No. (787) 599-9670 |
| | 4d. Fax No. |
| | 4e. e-mail josealbertofigueroa@yahoo.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6. DECLARATION I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No. (787) 599-9670 |
|---|---|---|
| *(signed-José Alberto Figueroa Ríos)* | José Alberto Figueroa, President | Office, if any, Cell No. (787) 599-9670 |
| *(signature of representative or person making charge)* | *(Print/type name and title or office, if any)* | Fax No. |
| P.O. Box 344, Cataño, PR 00962 Address | **17 November 2023** Date | e-mail josealbertofigueroa@yahoo.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

Attachment A

## NOTICE OF BARGAINING OBLIGATION

In the recent representation election, a labor organization received a majority of the valid votes cast. Except in unusual circumstances, unless the results of the election are subsequently set aside in a post-election proceeding, the employer's legal obligation to refrain from unilaterally changing bargaining unit employees' terms and conditions of employment begins on the date of the election.

The employer is not precluded from changing bargaining unit employees' terms and conditions during the pendency of post-election proceedings, **as long as** the employer (a) gives sufficient notice to the labor organization concerning the proposed change(s); (b) negotiates in good faith with the labor organization, upon request; and (c) good faith bargaining between the employer and the labor organization leads to agreement or overall lawful impasse.

This is so even if the employer, or some other party, files objections to the election pursuant to Section 102.69 of the Rules and Regulations of the National Labor Relations Board (the Board). If the objections are later overruled and the labor organization is certified as the employees' collective-bargaining representative, the employer's obligation to refrain from making unilateral changes to bargaining unit employees' terms and conditions of employment begins on the date of the election, not on the date of the subsequent decision by the Board or court. Specifically, the Board has held that, absent exceptional circumstances,[1] an employer acts at its peril in making changes in wages, hours, or other terms and conditions of employment during the period while objections are pending and the final determination about certification of the labor organization has not yet been made.

It is important that all parties be aware of the potential liabilities if the employer unilaterally alters bargaining unit employees' terms and conditions of employment during the pendency of post-election proceedings. Thus, typically, if an employer makes post-election changes in employees' wages, hours, or other terms and conditions of employment without notice to or consultation with the labor organization that is ultimately certified as the employees' collective-bargaining representative, it violates Section 8(a)(1) and (5) of the National Labor Relations Act since such changes have the effect of undermining the labor organization's status as the statutory representative of the employees. This is so even if the changes were motivated by sound business considerations and not for the purpose of undermining the labor organization. As a remedy, the employer could be required to: 1) restore the status quo ante; 2) bargain, upon request, with the labor organization with respect to these changes; and 3) compensate employees, with interest, for monetary losses resulting from the unilateral implementation of these changes, until the employer bargains in good faith with the labor organization, upon request, or bargains to overall lawful impasse.

---

[1] Exceptions may include the presence of a longstanding past practice, discrete event, or exigent economic circumstance requiring an immediate response.

## NOTICE OF FEDERAL MEDIATION AND CONCILIATION SERVICES
## FOR INITIAL CONTRACT BARGAINING

As a workplace where employees are now represented by a union, both the employer and union have a number of obligations under the law, including the duty to bargain in good faith. These duties can have a practical impact on the bargaining process, as well as the ongoing labor-management relationship at a worksite.

As you navigate this set of obligations and their resulting impacts, we encourage you to take advantage of the following resources from the Federal Mediation and Conciliation Service (FMCS) (https://www.fmcs.gov/). FMCS is a non-regulatory, independent federal agency, separate from the National Labor Relations Board (NLRB), whose mission is to preserve and promote labor-management peace and cooperation. FMCS services include:

- Skills development training for collective-bargaining negotiation, committee effectiveness, and conflict resolution (available at https://www.fmcs.gov/services/education-and-outreach/skills-development-training/);
- Education on contract administration (available at https://www.fmcs.gov/services/building-labor-management-relationships/); and
- Mediation, if you need additional assistance and support with your initial contract negotiations (available at https://www.fmcs.gov/services/resolving-labor-management-disputes/collective-bargaining-mediation/).

FMCS is a Congressionally funded agency offering support to both unions and employers at workplaces and these FMCS services and resources are provided **at no cost.** FMCS services are customized to the specific needs of employer and union leadership groups and FMCS is available to assist with next steps and/or answer questions that come up throughout an initial collective-bargaining agreement negotiation process, as well as for future stages of a labor-management relationship.

For more information on the full range of FMCS services and how these services can be helpful throughout various stages of the collective bargaining process, see OM 22-08. To discuss the specific needs of your group, please reach out to FMCS via email at initialcontract@fmcs.gov or by phone at (202) 606-8100.

Attachment A